UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JACOB ALEXZANDER WOODS,<br><br>     Plaintiff<br><br>v.<br><br>UNITED STATES OF AMERICA, et. al.,<br><br>     Defendants | Case No.: 3:20-cv-00569-MMD-WGC<br><br>**REPORT & RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**<br><br>Re: ECF Nos. 1, 1-1 |

This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

Plaintiff, who is detained within the Washoe County Detention Facility (WCDF), has filed an application to proceed in forma pauperis (IFP) (ECF No. 1) and pro se complaint (ECF No. 1-1). For the reasons stated below, the IFP application should be granted, the United States should be dismissed with prejudice, and the remaining Defendants/claims should be dismissed with leave to amend.

## I. IFP APPLICATION

A person may be granted permission to proceed IFP if the person "submits an affidavit that includes a statement of all assets such [person] possesses [and] that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1).

The Local Rules of Practice for the District of Nevada provide: "Any person who is unable to prepay the fees in a civil case may apply to the court for authority to proceed [IFP].

The application must be made on the form provided by the court and must include a financial affidavit disclosing the applicant's income, assets, expenses, and liabilities." LSR 1-1.

"[T]he supporting affidavits [must] state the facts as to [the] affiant's poverty with some particularity, definiteness and certainty." *U.S. v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (quotation marks and citation omitted). A litigant need not "be absolutely destitute to enjoy the benefits of the statute." *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

An inmate submitting an application to proceed IFP must also "submit a certificate from the institution certifying the amount of funds currently held in the applicant's trust account at the institution and the net deposits in the applicant's account for the six months prior to the date of submission of the application." LSR 1-2; *see also* 28 U.S.C. § 1915(a)(2). If the inmate has been at the institution for less than six months, "the certificate must show the account's activity for this shortened period." LSR 1-2.

If a prisoner brings a civil action IFP, the prisoner is still required to pay the full amount of the filing fee. 28 U.S.C. § 1915(b)(1). The court will assess and collect (when funds exist) an initial partial filing fee that is calculated as 20 percent of the greater of the average monthly deposits or the average monthly balance for the six-month period immediately preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1)(A)-(B). After the initial partial filing fee is paid, the prisoner is required to make monthly payments equal to 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency that has custody of the prisoner will forward payments from the prisoner's account to the court clerk each time the account exceeds $10 until the filing fees are paid. 28 U.S.C. § 1915(b)(2).

Plaintiff's certified account statement indicates that his average monthly balance for the last six months was $0, and his average monthly deposits were $0.

Plaintiff's application to proceed IFP should be granted. Since Plaintiff has no money or deposits in his inmate account, he should not be required to pay an initial partial filing fee; however, whenever his inmate account exceeds $10, he must make monthly payments in the amount of 20 percent of the preceding month's income credited to his account until the $350 filing fee is paid.

## **II. SCREENING**

**A. Standard**

Under the statute governing IFP proceedings, "the court shall dismiss the case at any time if the court determines that-- (A) the allegation of poverty is untrue; or (B) the action or appeal-- (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(A), (B)(i)-(iii).

In addition, under 28 U.S.C. § 1915A, "[t]he court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). In conducting this review, the court "shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b)(1)-(2).

Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b)(1) track that language. As such, when reviewing the adequacy of a complaint under these statutes, the court applies the same standard as is applied under Rule

12(b)(6). *See e.g. Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000) (citation omitted).

The court must accept as true the allegations, construe the pleadings in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969) (citations omitted). Allegations in pro se complaints are "held to less stringent standards than formal pleadings drafted by lawyers[.]" *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal quotation marks and citation omitted).

A complaint must contain more than a "formulaic recitation of the elements of a cause of action," it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading must contain something more … than … a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id*. (citation and quotation marks omitted). At a minimum, a plaintiff should include "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A dismissal should not be without leave to amend unless it is clear from the face of the complaint that the action is frivolous and could not be amended to state a federal claim, or the district court lacks subject matter jurisdiction over the action. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995); *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990).

**B. Plaintiff's Complaint**

Plaintiff has titled his complaint as a *Bivens* action against the United States of America, Assistant United States Attorney Megan Rachow, and Reno Police Department Officers Scott Rasmussen, Jacob Kincaid, and Dustin Butler. Essentially, he alleges that the Defendants set up a

sting operation whereby they threatened him and his girlfriend, such that Plaintiff bought a gun for his protection, and then they arrested him for being a felon in possession of ammunition. Criminal charges were brought in case 3:19-cr-00019-MMD-CLB, which were ultimately dismissed with prejudice. Plaintiff lists three claims, each of which is titled a claim for compensatory and punitive damages, and contains no substantive allegations, but instead references the motion to dismiss and order dismissing his criminal case.

The court takes judicial notice of the following facts from the underlying criminal action: a criminal complaint was filed against Plaintiff on February 26, 2019, asserting a charge of being a felon in possession of ammunition, and a warrant was issued for his arrest; Plaintiff appeared before Magistrate Judge Baldwin on March 1, 2019, and submitted to detention and was ordered detained pending trial; he was appointed counsel; the grand jury subsequently returned an indictment for being a felon in possession of ammunition, and Plaintiff entered a not guilty plea to a superseding indictment; the trial began, and Plaintiff filed a motion for reconsideration of a previously denied motion to suppress, and alternatively, requested dismissal of the case, based on his assertion that the Government failed to provide a text message in discovery and discarded the "cold phone" on which the text exchange was made, that was material to an entrapment defense; District Judge Du granted the motion for reconsideration of the motion to suppress the gun where the ammunition was found; the Government subsequently filed an unopposed motion to dismiss the superseding indictment with prejudice, which Judge Du granted. (*See* 3:19-cr-00019-MMD-CLB.)

C. Analysis

"*Bivens [v. Six Unknown Named Agents of Federal Bureau of Narcotics]*, 403 U.S. 388 (1971) established that compensable injury to a constitutionally protected interest [by federal

officials] could be vindicated by a suit for damages invoking the general federal-question jurisdiction of the federal courts[.]" *Butz v. Economou*, 438 U.S. 478, 486 (1978); *see also Hernandez v. Mesa*, 137 S.Ct. 2003, 2006 (2017) (per curiam) ("In *Bivens*, this Court recognized for the first time an implied right of action for damages against federal officers alleged to have violated a citizen's constitutional rights.").

Preliminarily, a *Bivens* action will not lie against the United States, agencies of the United States, or federal agents in their official capacity. *See FDIC v. Meyer*, 510 U.S. 471, 486 (1994); *Consejo de Desarrollo Economico de Mexicali, A.C. v. United States*, 482 F.3d 1157, 1173 (9th Cir. 2007). Therefore, the United States is not a proper party to this action and should be dismissed with prejudice.

Plaintiff's claim is against various Reno Police Department officers, and Plaintiff does not include allegations that they are federal agents, such that *Bivens*, and not 42 U.S.C. § 1983 would be the applicable mechanism for bringing suit against them.

Furthermore, Plaintiff's complaint is devoid of any specific factual allegations connecting each defendant. In other words, Plaintiff fails to assert what constitutional right was violated, and what conduct each of the named Defendants engaged in to violate his rights. It is insufficient for Plaintiff to merely reference the motion and order dismissing his criminal case, particularly where the motion to dismiss the superseding indictment contains no substantive information. Therefore, the action will be dismissed with leave to amend as to defendants Rachow, Rasmussen, Kincaid, and Butler.

Additionally, insofar as Plaintiff names Assistant United States Attorney Megan Rachow, prosecutors are entitled to absolute immunity for damages when performing the traditional functions of an advocate. *Imbler v. Pachtman*, 424 U.S. 409 (1976). There is no distinction

between section 1983 actions and *Bivens* actions for determining immunity. *Antoine v. Byers & Anderson, Inc.*, 508 U.S. 429, 433 n. 5 (1993). Plaintiff includes no factual allegations from which the court can determine the purported basis of liability for Assistant United States Attorney Megan Rachow. As such, in an abundance of caution, Ms. Rachow should be dismissed with leave to amend, as it is unclear at this time whether Plaintiff can assert a claim against Ms. Rachow. If Plaintiff files an amended complaint, he should be cautioned that he may not sue Ms. Rachow for acts undertaken as an advocate on behalf of the Government.

### III. RECOMMENDATION

IT IS RECOMMENDED that the District Judge enter an order as follows:

(1) **GRANTING** Plaintiff's IFP application (ECF No. 1); however, whenever Plaintiff's inmate account exceeds $10, he should be required to make monthly payments in the amount of 20 percent of the preceding month's income credited to his account until the full $350 filing fee is paid. Plaintiff should be advised that this is required even if the action is dismissed, or is otherwise unsuccessful. The Clerk must **SEND** a copy of this Order to the attention of **Chief of Inmate Services for the Washoe County Detention Facility**, 911 Parr Blvd., Reno, Nevada 89512.

(2) Directing the Clerk to **FILE** the complaint (ECF No. 1-1).

(3) **DISMISSING** the United States of America **WITH PREJUDICE**.

(4) **DISMISSING** the remaining Defendants/claims **WITH LEAVE TO AMEND**.

(5) Giving Plaintiff **30 DAYS** from the date of any order adopting this Report and Recommendation to file an amended complaint correcting the deficiencies noted above. The amended complaint must be complete in and of itself without referring or incorporating by reference any previous complaint or pleadings from another matter. Any allegations, parties, or

requests for relief from a prior complaint that are not carried forwarded in the amended complaint will no longer be before the court. Plaintiff shall clearly title the amended pleading as "AMENDED COMPLAINT." Plaintiff should be cautioned that if he fails to timely file an amended complaint his action may be dismissed. Plaintiff should be cautioned that he may not sue Ms. Rachow for acts undertaken as an advocate on behalf of the Government.

Plaintiff is advised:

1. That he may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation within fourteen days of being served with a copy of the Report and Recommendation. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the district judge.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.

**IT IS SO ORDERED**.

Dated: March 26, 2021

_____
William G. Cobb
United States Magistrate Judge