UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JACOB ALEXANDER WOODS,<br><br>                  Plaintiff,<br>     v.<br><br>UNITED STATES OF AMERICA, *et al.*,<br><br>                  Defendants. | Case No. 3:20-cv-00569-MMD-WGC<br><br>ORDER |

*Pro se* Plaintiff Jacob Woods filed an application to proceed *in forma pauperis* ("IFP") and a complaint alleging that Defendants set up a sting operation. (ECF Nos. 1, 1-1.) Woods has also filed motions for a preliminary injunction and a temporary restraining order. (ECF Nos. 5, 6.) Before the Court is the Report and Recommendation ("R&R" or "Recommendation") of United States Magistrate Judge William G. Cobb (ECF No. 8), recommending that Woods's IFP application be granted, the United States be dismissed with prejudice, and that the remaining Defendants and claims be dismissed with leave to amend. Woods had until April 9, 2021 to file an objection. To date, no objection to the R&R has been filed. For this reason, and as explained below, the Court adopts Judge Cobb's R&R in full. Accordingly, Woods's motions for a preliminary injunction and temporary restraining order are denied as moot.[1]

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party fails to object to a magistrate judge's recommendation, the Court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas*

---

[1]Additionally, the Court notes that the motions are improper as the named defendants in the motions are not parties to this action. The Court does not have jurisdiction to issue an injunction directed at a non-party. *See Zenith Radio Corp. v. Hazeltine Research, Inc.*, 395 U.S. 100, 112 (1969) (concluding that it was an error to enter an injunction against a non-party).

1  *v. Arn*, 474 U.S. 140, 149 (1985); *see also United States v. Reyna-Tapia*, 328 F.3d 1114, 1116 (9th Cir. 2003) ("De novo review of the magistrate judges' findings and recommendations is required if, but *only* if, one or both parties file objections to the findings and recommendations.") (emphasis in original); Fed. R. Civ. P. 72, Advisory Committee Notes (1983) (providing that the Court "need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").

Because there is no objection, the Court need not conduct *de novo* review, and is satisfied Judge Cobb did not clearly err. Here, Judge Cobb recommends Woods's IFP application be granted as Woods has an account balance of $0.00 with a zero average monthly deposit. (ECF No. 8 at 2.) Judge Cobb further recommends that the United States be dismissed with prejudice as it is not a proper party to this action, and that this action be dismissed with leave to amend as Woods has failed to assert what constitutional rights were violated and what conduct each Defendants engaged in to violate Woods's rights. (*Id.* at 5-7.) The Court agrees with Judge Cobb. Having reviewed the R&R and the record in this case, the Court will adopt the R&R in full.

It is therefore ordered that Judge Cobb's Report and Recommendation (ECF No. 8) is accepted and adopted in full.

It is further ordered that Plaintiff Jacob Woods's application to proceed *in forma pauperis* (ECF No. 1) is granted. Given Woods's low balance, the Court will not require Woods to make an initial payment. However, when Woods's prison account exceeds $10.00, Woods will be required to make monthly payments in the amount of 20% of the preceding month's income credited to Woods's account until the $350.00 filing fee is paid. This is required even if a case is dismissed or is otherwise unsuccessful.

The Clerk of Court is further directed to send a copy of this order to the attention of *Chief of Inmate Services for the Washoe County Detention Facility*, 911 Parr Blvd., Reno, Nevada 89512.

It is further ordered that Plaintiff Jacob Woods's motion for preliminary injunction (ECF No. 5) is denied as moot.

It is further ordered that Plaintiff Jacob Woods's motion for temporary restraining order (ECF No. 6) is denied as moot.

The Clerk of Court is further directed to file Plaintiff Jacob Woods's complaint (ECF No. 1-1).

It is further ordered that the United States of America is dismissed from this action with prejudice.

It is further ordered that the remaining Defendants and claims in this action are dismissed with leave to amend. Plaintiff Jacob Woods will have 30 days from the date of this order to file an amended complaint correcting the deficiencies in his complaint. The amended complaint must be complete in and of itself without referring or incorporating by references any previous complaint or pleadings from another matter. Any allegations, parties, or request for relief from a prior complaint are not carried forward in the amended complaint and will no longer be before the Court. Woods shall clearly title the amended pleadings as "Amended Complaint." Woods is cautioned that if he fails to timely file an amended complaint, this action may be dismissed. Woods is cautioned that he may not sue Megan Rachow for acts undertaken as an advocate on behalf of the United States government.

DATED THIS 13th Day of April 2021.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE