UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JACOB ALEXANDER WOODS,<br><br>　　　　　　　　　　Plaintiff,<br>　v.<br>UNITED STATES OF AMERICA, *et. al.*,<br><br>　　　　　　　　　　Defendants. | Case No. 3:20-cv-00569-MMD-WGC<br><br>ORDER |

This action began when *pro se* Plaintiff Jacob Woods filed a complaint on October 1, 2020. (ECF No. 1-1.) On November 8, 2021, the Court issued an order directing Woods to file his updated address with the Court within 30 days. (ECF No. 12.) The 30-day period has now expired, and Woods has not filed his updated address or otherwise responded to the Court's order.

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of L.A.*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. United States Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to Defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-61; *Ghazali*, 46 F.3d at 53.

In the instant case, the Court finds that the first two factors, the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket, weigh in favor of dismissal. The third factor, risk of prejudice to Defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the Court or prosecuting an action. *See Anderson v. Air W.*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor—public policy favoring disposition of cases on their merits—is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, a court's warning to a party that his or her failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132-33; *Henderson*, 779 F.2d at 1424. The Court's order requiring Woods to file his updated address with the Court within 30 days expressly stated: "Woods is warned that failure to comply with this order may result in dismissal of this case." (ECF No. 12.) Thus, Woods had adequate warning that dismissal would result from his noncompliance with the Court's order to file his updated address within 30 days.

///
///
///
///
///
///

1      It is therefore ordered that this action is dismissed without prejudice based on Plaintiff Jacob Woods's failure to file an updated address in compliance with the Court's November 8, 2021 order (ECF No. 12). If Woods wishes to pursue any of his claims, Woods must file a complaint in a *new* action.

      The Clerk of Court is directed enter judgment accordingly and close this case. No other documents shall be filed in this closed case.

      DATED THIS 30th Day of November 2021.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE